**CENTRAL FLORIDA LEGAL SERVICES, INC., a non-profit Florida Corporation, N. Albert Bacharach, Jr., and Eddie Lee Lester, Plaintiffs,**

v.

**E. L. EASTMOORE, in his official capacity as a Circuit Judge of the Circuit Court of Putnam County, Seventh Judicial Circuit, State of Florida, and Robert R. Perry, in his official capacity as a Circuit Judge of the Circuit Court of Putnam County, Seventh Judicial Circuit, State of Florida, Defendants.**

No. 81–537–Civ–J–WC.

United States District Court, M. D. Florida, Jacksonville Division.

June 30, 1981.

---

Judith E. Koons, Cocoa, Fla., Judith Benninger Brown, Palatka, Fla., for plantiff.

Thomas Tedcastle, Asst. Atty. Gen., State of Florida, Tallahassee, Fla., for defendant.

## PRELIMINARY INJUNCTION

CASTAGNA, District Judge.

The Court has for adjudication the verified Motion for Preliminary Injunction with memorandum of law filed June 10, 1981. The Defendants have not filed opposing affidavits nor a responsive brief as required by Rules of the Middle District of Florida, Rule 4.06(b)(3). The Court heard oral argument of the parties on June 29, 1981.

The issue before the Court is whether Plaintiff, a full time attorney with Central Florida Legal Services (CFLS), may be court appointed to represent a criminal defendant in state court proceedings. Judges Eastmoore and Perry predicate their action in making this appointment upon their recognition of the need, obligation and responsibility of the membership of the local bar association of Putnam County to provide

adequate legal representation to its indigent criminal defendants and their belief that for such a program to be most effective in accomplishing its purpose, all members of the Putnam County bar association should do their share. The Florida Bar, the American Bar Association President and the Chief Justice of the United States are of one mind in their urging of increased participation by the organized bar and individual attorneys in pro bono work.

This Court must add its voice to those who believe, as do these Defendants, that the commitment to equal justice is advanced only when the poor are afforded adequate legal representation even when it is beyond their own means to obtain it.

The problem here presented, however, is that Defendants have appointed an attorney to fulfill this laudable purpose who contends that he is precluded by law from fulfilling that Court imposed responsibility. Appointed counsel argues that if he complies with the Defendants' order of appointment, he is in violation of Federal law and if he does not, he is subject to discipline by Defendants for his non-compliance. He seeks relief in this Court from this dilemma.

Actions of this nature are generally not accepted by Federal Courts in recognition of the salutary principles of abstention and comity which suggest that Federal Courts not interfere or interject themselves into State Court action absent the exhaustion of State remedies.

■ It appears, however, that Plaintiffs have attempted, to the fullest extent available to them, to present this matter to the State Courts without having received any determination of the issues presented, and Plaintiffs urge that irreparable injury will occur without prompt and immediate action by this Court. The Plaintiffs have twice moved for the appointment to be set aside by the Defendants. The Plaintiffs have petitioned the Florida Fifth District Court of Appeal for a writ of mandamus and been twice denied a stay of the state court criminal proceedings. The Plaintiffs have specifically reserved their federal claims in the state court proceedings. *See, England v.*

*Louisiana Medical Examiners,* 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964); *Government and Civic Employees Organizing Committee v. Windsor,* 353 U.S. 364, 77 S.Ct. 838, 1 L.Ed.2d 894 (1957). The Court finds that principles of comity do not require the Court to abstain from consideration of this case.

■ This Court is therefore authorized to hear and determine this matter under and by virtue of 28 U.S.C. §§ 1331, 1334. Under our system of federalism, federal statutes such as 42 U.S.C. § 2996 are superior to the practices or rules of state or local bar associations. *See, Goldfarb v. Virginia State Bar,* 421 U.S. 773, 95 S.Ct. 2004, 44 L.Ed.2d 572 (1975).

The Legal Services Corporation Act, 42 U.S.C. § 2996 *et seq.* provides that:

2996f (b) No funds made available by the Corporation under this title, either by grant or contract, may be used—

(2) to provide legal assistance with respect to any criminal proceeding, except to provide assistance to a person charged with a misdemeanor or lesser offense or its equivalent in an Indian tribal court;

The accompanying regulation, 45 C.F.R. § 1613.4 provides that legal assistance may be provided with respect to a criminal proceeding:

(a) Pursuant to a court appointment made under a statute or a court rule or practice of equal applicability to all attorneys in the jurisdiction, if authorized by the recipient after a determination that it is consistent with the recipient's primary responsibility to provide legal assistance to eligible clients in civil matters; or

(b) When professional responsibility requires representation in a criminal proceeding arising out of a transaction with respect to which the client is being, or has been, represented by a recipient.

It is undisputed that the felonies Plaintiff Lester is charged with in state court did not arise from a relationship with Central Florida Legal Services. Thus, if CFLS must represent Lester in a criminal proceeding it must be pursuant to 45 C.F.R. § 1613.4(a)

which authorized criminal representation if CFLS has determined that such would be consistent with its primary responsibility in civil matters. It is undisputed that CFLS previously made the following determination:

> Consistent with CFLS' primary responsibility to provide legal assistance to eligible clients in civil matters, CFLS has determined, in accordance with the parameters of LSC Regulation 1613.4(a), that it does not have sufficient staff resources to devote to representation in criminal proceedings except as authorized by paragraph 3 above. [providing for criminal representations arising out of transactions with CFLS].

(Exhibit A to Complaint)

In 1978, Judge Young addressed a very similar situation in *Central Florida Legal Services v. Blount*, Case No. 78–561–Orl–Civ–Y, where three CFLS attorneys had been appointed to represent criminal defendants in Volusia County. Judge Young stated:

> Now, despite the argument of defense counsel that the Statute does not preclude the attorneys in this case from such representation, I believe that the Statute does prohibit it unless the recipient has found that such representation would be consistent with the primary obligations under the Act to represent civil litigants.
>
> Now, it is true that, as defense counsel points out that the plaintiffs in a way are creating their own problem by plaintiffs being the ones that say they are making this finding that such representation would not be consistent with their primary obligation, but this Act gives them that authority.
>
> The recipient which is the party getting the funds from the Federal Government can make that finding and has an obligation to do so if in fact such representation would not be consistent with the primary obligation to represent civil litigants.
>
> So, it appears to me as a matter of Federal law under the facts of the pleadings in this case and the record in this

case, and I have read the transcript of the proceedings in the State Court—the Plaintiffs attorneys would be proceeding in violation of the Act if they continued with this representation.

> That is my construction of the Act and the regulations that have been promulgated thereunder.

(Exhibit I to Complaint; Transcript of Proceedings on December 19, 1978).

■ This Court agrees with the finding of Judge Young that the CFLS attorneys may not represent criminal defendants in light of the CFLS determination that it does not have sufficient resources to devote to a criminal proceeding. The Court also finds that CFLS is prohibited from using funds to provide legal assistance in a fee-generating case unless other adequate representation is unavailable. 45 C.F.R. § 1609.3. Attorneys appointed to represent insolvent defendants are to be paid a fee, costs and expenses, Fla.Sta. § 27.53(2), and there has been no showing that other adequate representation is unavailable.

■ The Defendants, however, argue that Plaintiff Bacharach has been appointed in his individual capacity as a member of the Florida Bar and Putnam County Bar Association, and not as a member of Central Florida Legal Services. Plaintiff Bacharach is prohibited from the outside practice of law by his employment with CFLS, 42 U.S.C. § 2996f(a)(4) and subjected to disciplinary action if he violates this rule, 42 U.S.C. § 2996e(b)(2). The Defendants contend that despite this prohibition, Plaintiff Bacharach should undertake criminal representation without using funds of CFLS, *i. e.* without secretarial or support staff, without office supplies, and presumably during non-working hours although both the pre-trial and trial are scheduled during regular working hours. The Court finds such a position untenable.

The Plaintiffs have moved for a preliminary injunction pursuant to Federal Rules of Civil Procedure, Rule 65(a); Rules of the Middle District of Florida, Rule 4.06. A district court should issue a preliminary injunction only if the moving party establishes:

1) a substantial likelihood that the movant will ultimately prevail on the merits;

2) a substantial threat that the movant will suffer irreparable injury unless the injunction is issued;

3) that the threatened injury to the movant outweighs the harm the injunction may do to the defendant; and

4) that granting the injunction will not be adverse to the public interest.

*City of Atlanta v. Metropolitan Atlanta Rapid Transit Authority*, 636 F.2d 1084, 1088 (5th Cir. 1981); *Canal Authority v. Calloway*, 489 F.2d 567, 572 (5th Cir. 1974).

The Court finds that there is a substantial likelihood that Plaintiffs will ultimately prevail on the merits; that the Plaintiffs will suffer irreparable injury; that the threatened injury to Plaintiffs outweigh any possible injury to Defendants because in fact, the Defendants will suffer no injury by the injunction; and that the injunction will be beneficial to the public rather than adverse to the public interest.

It is accordingly,

ORDERED:

1. Defendants Honorable E. L. Eastmoore and Honorable Robert R. Perry, are hereby enjoined from requiring Plaintiffs, N. Albert Bacharach, Jr., or Central Florida Legal Services, Inc., to represent Plaintiff Eddie Lee Lester in any aspect of a criminal case pending in the Circuit Court of the Seventh Judicial Circuit, in and for Putnam County, Florida, in which Eddie Lee Lester is a criminal defendant.