**MID–MISSOURI LEGAL SERVICES CORPORATION, et al., Relators,**

**v.**

**The Honorable Byron L. KINDER, Respondent.**

**No. WD 34613.**

Missouri Court of Appeals, Western District.

Aug. 9, 1983.

Darwin A. Hindman, Jr., Columbia, Hindman & Smith, for relators.

Thomas J. Brown, III, Jefferson City, Cole County Pros. Atty., for respondent.

ORIGINAL PROCEEDING IN
PROHIBITION

Before CLARK, P.J., and TURNAGE and LOWENSTEIN, JJ.

TURNAGE, Judge.

Mid-Missouri Legal Services Corporation and David Kite filed a petition seeking a writ of prohibition against the Honorable Bryon L. Kinder, Judge of the Circuit Court of Cole County, to prohibit Judge Kinder from enforcing an order appointing Kite as attorney for Billy Duren who was charged with assault with intent to kill, a Class A felony. This court issued a preliminary order of prohibition and now makes the preliminary order absolute.

The facts are undisputed. MMLSC is a not-for-profit corporation which receives 99.5% of its funding from the Legal Services Corporation, a not-for-profit corporation established by Congress under 42 U.S.C. § 2996 et seq. Kite is a licensed attorney in the State of Missouri employed full time by MMLSC.

When the criminal charge was originally filed against Duren the public defender of Cole County was appointed to represent him. When it developed there was a conflict of interest on the part of the public defender, he was allowed to withdraw. Judge Kinder thereupon appointed Kite as attorney for Duren.[1] After his appoint-

1. An affidavit of the state public defender director has been filed with this court stating that the practice of the public defender commission is to retain attorneys to represent indigents accused of crime in the event conflict of interest prevents the appointed public defender from representing the person. The affidavit states that the commission was not notified that the public defender had been relieved of representing Duren, nor that the attorney retained to represent indigents when the public defendant was disqualified also had a conflict of interest in the Duren case. The affidavit states that the commission was ready and able to retain another attorney to represent Duren had it been requested to do so. There is nothing in the record explaining the failure to notify the commission of the conflicts in this case. In any event the commission would have obtained an attorney for Duren had it been aware of the facts, according to the affidavit.

ment Kite filed a motion to withdraw in which it was stated that he was employed by MMLSC which received its funding from the Legal Services Corporation established by Congress. The motion stated that by federal statutes and regulations attorneys employed by MMLSC could not be appointed to handle criminal cases. The motion further stated the public defender commission was able to provide representation for Duren. The motion continued that MMLSC was engaged in providing counsel to indigents in civil cases and that having attorneys appointed in criminal cases would make it impossible for MMLSC to fulfill its mission.

The court indicated that it would overrule the motion to withdraw unless prohibited from doing so. This petition for Writ of Prohibition followed.

In 42 U.S.C. § 2996b(a) Congress established the Legal Services Corporation for the purpose of providing financial support for legal assistance in non criminal proceedings to persons financially unable to afford such assistance. Section 2996e(a)(1)(A)(i) provides that the corporation is authorized to make grants to corporations for the purpose of providing legal assistance to eligible clients. MMLSC is such a corporation and as stated receives 99.5% of its funding from the Legal Services Corporation. Congress provided in Section 2996f(b)(2) that no funds made available by the corporation may be used to provide legal assistance with respect to any criminal proceeding except for persons charged with a misdemeanor or lesser offense in an Indian tribal court.

It is thus clear that Congress has prohibited the use of money made available to MMLSC for use in criminal cases.

Despite the clear prohibition against using money obtained from the corporation in criminal cases, the state contends that the court was authorized to appoint Kite in a criminal case because of Section 2996e(d)(6). That section provides:

> Attorneys employed by a recipient shall be appointed to provide legal assistance without reasonable compensation only

when such appointment is made pursuant to a statute, rule, or practice applied generally to attorneys practicing in the court where the appointment was made.

The state contends that Judge Kinder has established a practice of appointing attorneys who regularly appear in his court to represent indigents accused of crime and that the appointment of Kite meets the above provision because it was made pursuant to a practice generally applied to attorneys' practicing in the Cole County Circuit Court. The state overlooks the fact that "legal assistance" as used in the above section is defined in Section 2996a(5) "as the provision of any legal services consistent with the purposes and provisions of this subchapter." As noted, the purpose of the act is stated to be to provide financial support for legal assistance in non criminal proceedings. Thus, even if the appointment of Kite were pursuant to a practice applying generally to attorneys practicing in Cole County such section has no application to appointments in criminal cases because the entire purpose of 42 U.S.C. § 2996 et seq. is to provide funds for representation of those unable to afford counsel in non criminal cases. Thus, that section would have no application to appointments in criminal cases even if such appointments are made pursuant to a practice generally applied.

▆ The state also contends that the circuit court has the inherent power to appoint attorneys to represent indigents accused of a crime. That is undoubtedly the law. However, in this case the power of the state must yield to the limitation imposed by Congress on the expenditure of funds derived from the Legal Services Corporation. As stated in *Sperry v. Florida,* 373 U.S. 379, 384, 83 S.Ct. 1322, 1325, 10 L.Ed.2d 428 (1963) the law of the state must yield when it is incompatible with Federal legislation.

▆ In the situation presented by this case it would be possible for the state to completely thwart the will of congress by appointing attorneys such as Kite in criminal cases to such an extent that they would have no time to carry out the function

Congress intended them to perform. The responsibility to provide counsel for indigents in criminal cases is cast on the state. *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). It is apparent that Congress does not want to allow the states to shift their responsibility to provide counsel in criminal cases to the Federal government by the simple expedient of appointing attorneys such as Kite to represent indigents accused of crime.

■ Congress clearly recognized the obligation on the part of the states to provide indigents with counsel in criminal cases when it limited the use of funds involved here to non-criminal cases. It also recognized that there is no corresponding obligation on the state to appoint counsel for indigents in civil cases when the consequence of losing litigation does not involve the loss of physical liberty. *Lassiter v. Department of Social Services,* 452 U.S. 18, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981).

Because Kite was paid with funds which Congress specified should not be used in criminal cases, the court was without authority to appoint Kite to represent Duren in a criminal case. *Central Florida Legal Services v. Eastmore,* 517 F.Supp. 497 (D.C. M.D.Fla.1981). The preliminary order in prohibition prohibiting Judge Kinder from enforcing his order appointing Kite to represent Duren is made absolute.

All concur.