STATE ex rel. PUBLIC DEFENDER COMMISSION, Relator,

v.

Honorable Don BONACKER, Judge, Circuit Court, Greene County, Respondent,

STATE ex rel. PUBLIC DEFENDER COMMISSION, Relator,

v.

Honorable Frank CONLEY, Judge, Circuit Court, Boone County, Respondent,

STATE ex rel. PUBLIC DEFENDER COMMISSION, Relator,

v.

Honorable Byron KINDER, Judge, Circuit Court, Cole County, Respondent,

STATE ex rel. PUBLIC DEFENDER COMMISSION, Relator,

v.

Honorable Richard PROVAZNIK, Judge, Circuit Court, St. Louis County, Respondent.

Nos. 67811, 67822, 67862 and 67912.

Supreme Court of Missouri, En Banc.

March 27, 1986.

As Modified April 1, 1986.

Sean O'Brien, Public Defender, Kansas City, Terry Brummer, Lew Kollias, Office of the State Public Defender, Columbia, for relator.

William L. Webster, Atty. Gen., Jerry L. Short, Asst. Atty. Gen., Jefferson City, for respondent.

BILLINGS, Judge.

These four test cases by the Public Defender Commission seek rulings from this Court that would prohibit the circuit courts of this state from appointing attorneys employed by the Commission to represent prisoners in post-conviction proceedings under our Rule 27.26. Because of the nature of the cases and our awareness that similar writs are pending or in the offing, we expedited setting, briefing and argument.

In the petition for a writ of prohibition against Judge Bonacker, the Commission alleges his appointment of a public defender to represent a Rule 27.26 movant is in violation of a rule adopted by the Commission that employees of the public defender system would not provide representation to such movants. Consequently, the Commission argues, Judge Bonacker lacks jurisdiction to enter orders appointing public defenders or the office of public defender to represent Rule 27.26 movants.

This Court amended our Rule 27.26, effective January 1, 1980, to specifically provide for counsel for indigent prisoners filing pro se post-conviction motions. Rule 27.26(h). And, this rule has "the force and effect of law." Mo. Const. art. V., § 5.

As to prisoners in custody seeking to challenge their convictions under Rule 27.-26, the legislature has provided that the commission provide legal services to indigents facing a "loss or deprivation of liberty [and when] any *law* requires the appointment of counsel." Section 600.042.-3(5), RSMo Cum.Supp.1984.[1] (emphasis added)

---

1. Section 600.066, RSMo 1978 required the appointed counsel of an indigent defendant to represent his client at every stage of the criminal proceeding—from initial appearance through appeal and including ancillary matters. Section 600.071, RSMo 1978 authorized a court to appoint counsel to represent an indigent defendant in a Rule 27.26 action.

However, in 1980, § 600.066, RSMo 1978 was amended to prohibit the appointment of a *public defender* to represent a defendant who had brought a Rule 27.26 action, except when the defendant was entitled to counsel under constitutional guidelines. Then, in 1982, § 600.066

RSMo Supp.1980 and § 600.071, RSMo 1978, along with a number of other related sections, were repealed. The repeal of § 600.066, RSMo Supp.1980 and § 600.071, RSMo 1978 removed the bar prohibiting appointment of public defenders in 27.26 actions, when appointment was not otherwise required under our state or federal constitutions. As of this writing, Chapter 600, which covers the duties and obligations of a public defender, contains no bar of any kind, blanket or otherwise, which would preclude the appointment of a public defender in a Rule 27.26 action. *See also* § 600.042 and § 600.048, RSMo Cum.Supp.1984.

■ Clearly, the circuit courts have the requisite jurisdiction to appoint members of the public defender system to represent indigent prisoners in custody who seek to pursue post-conviction proceedings under our Rule 27.26. The Commission, by rule or regulation, cannot oust the courts of such jurisdiction.

■ The petitions directed against Judges Conley, Kinder and Provasnik have a different twist. They aver that the appointment of a public defender to represent a Rule 27.26 movant who alleges ineffective assistance of counsel against a public defender who originally represented the movant, would result in a conflict of interest and do violence to the rules of ethics governing attorneys. These petitions do not undertake to advise why the circuit judges are exceeding their *jurisdiction,* a fundamental prerequisite for prohibition, but claim to be entitled to relief from the orders of the circuit judges because of contrary directives from the Commission.

The Commission contends there should be a rule of absolute disqualification when one public defender is representing a Rule 27.26 movant who claims he has received ineffective assistance of counsel from another public defender—because of the alleged existence of a per se conflict. The Commission, in support of this proposition, stresses the centralized nature of its public defender system and posits an inherent conflict because the interests of client-movant conflict with the interests of counsel's employer-Commission.

First, we note the Commission is authorized by statute to cure and resolve any potential conflicts of interest by employing private counsel under contract or on a case-by-case basis. Section 600.042.1(10), RSMo Cum.Supp.1984. Second, the commission has followed such a practice in the past when a conflict loomed. *See, e.g., Mid-Missouri Legal Service Corp. v. Kinder,* 656 S.W.2d 309, 310, n. 1 (Mo.App.1983).

We recently had occasion to consider at some length somewhat similar ethical contentions in *State v. Johnson,* 702 S.W.2d 65 (Mo. banc 1985). We observed that ethical considerations which might arise in private law firms in civil litigation did not necessarily apply in the operation of a prosecuting attorney's office. Some of the reasons which negated a conflict or disqualification in that case apply with equal force in these cases. *Also see: U.S. v. Judge,* 625 F.Supp. 901 (D.C.Haw.1986); *Richards v. Clow,* 103 N.M. 14, 702 P.2d 4 (1985); *People v. Puckett,* 70 Ill.App.3d 743, 27 Ill.Dec. 244, 388 N.E.2d 1293 (1979); *Angarano v. United States,* 312 A.2d 295 (D.C.App. 1973), *rehearing en banc denied,* 320 A.2d 453 (D.C.App.1974).

Last, but not least, as to the purported conflict between a Rule 27.26 movant and the public defender's employer, the Commission, we quote the United States Supreme Court in *Ferri v. Ackerman,* 444 U.S. 193, 204, 100 S.Ct. 402, 409, 62 L.Ed.2d 355 (1979), regarding the duties of a public defender:

> [T]he primary office performed by appointed counsel parallels the office of privately retained counsel. Although it is true that appointed counsel serves pursuant to statutory authorization and in furtherance of the federal interest in insuring effective representation of criminal defendants, his duty is not to the public at large except in that general way. *His principal responsibility is to serve the undivided interests of his client.* Indeed, an indispensable element of the effective performance of his responsibilities is the ability to act independently of the government and to oppose it in adversary litigation. (our emphasis)

■ In none of these four cases does an excess of jurisdiction by the circuit judges appear and such excess must be clearly evidenced before prohibition is proper. *State ex rel. Tarrasch v. Crow,* 622 S.W.2d 928 (Mo. banc 1981).

We are of the opinion that the preliminary writ of prohibition issued in these cases was improvidently granted, and it is ordered that said preliminary writs be quashed and the petitions dismissed.

HIGGINS, C.J., and BLACKMAR, DONNELLY, WELLIVER and ROBERTSON, JJ., concur.

RENDLEN, J., concurs in result.