STATE ex rel. Thomas J. MARSHALL, Public Defender for the 14th Judicial Circuit, Relator,

v.

The Honorable Channing D. BLAEUER, Judge, Circuit Court, 14th Judicial Circuit, Respondent.

Nos. 67741, 67744 and 67745.

Supreme Court of Missouri, En Banc.

May 13, 1986.

Thomas J. Marshall, Moberly, for relator.

William L. Webster, Atty. Gen., Richard G. Callahan, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

DONNELLY, Judge.

This is an original action for writ of prohibition prosecuted by Thomas Marshall, Regional Public Defender for the 14th Judicial Circuit, against The Honorable Channing D. Blaeuer, Circuit Judge of the 14th Judicial Circuit. We have jurisdiction pursuant to Mo. Const. art. V, § 4.

Relator contends that respondent exceeded his jurisdiction by appointing him to represent inmates at the Missouri Training Center for Men in their habeas corpus actions challenging the conditions of their confinement. The essence of relator's argument is that § 600.042, RSMo Cum.Supp. 1984, gives respondent authority to appoint the Public Defender in only a limited set of cases and that provision of counsel in all other cases is left to the discretion of the Director of the Public Defender System and to the Defenders.

The relevant portions of § 600.042 are as follows:

2. The director and defenders shall, within guidelines as established by the commission and as set forth in subsection 3 of this section, accept requests for legal services from eligible persons entitled to counsel under this chapter or otherwise so entitled under the constitution or laws of the United States or the state

of Missouri and provide such persons with legal services when, in the discretion of the director or the defenders, such provision of legal services is appropriate.

3. The director and defenders shall provide legal services to an eligible person:

(1) Who is detained or charged with a felony, including appeals from a conviction in such a case;

(2) Who is detained or charged with a misdemeanor which will probably result in confinement in the county jail upon conviction, including appeals from a conviction in such a case;

(3) Who is detained or charged with a violation of probation or parole;

(4) For whom the federal constitution or the state constitution requires the appointment of counsel; and

(5) For whom, in case in which he faces a loss or deprivation of liberty, any law of this state requires the appointment of counsel.

Subsection 2 requires the director and defenders (1) to *accept requests* for legal services from eligible persons who are entitled to counsel thereunder, and (2) to *provide legal services* to those persons "when, in the discretion of the director or the defenders, such provision of legal services is appropriate." The only limitation set by subsection 2 on the exercise of discretion is that which may be contained in "guidelines as established by the [Public Defender Commission] and as set forth in subsection 3 of [§ 600.042].…" Subsection 3 mandates the *provision of legal services* in the enumerated types of cases.

Respondent argues that petitioners herein are persons "detained … with a felony," under § 600.042.3(1) and that "[t]he entire thrust of the public defender legislation is to provide free legal assistance to a particular class of individuals in the criminal justice system.…"

■ We believe that respondent misconstrues § 600.042.3(1). The subsection, taken in its entirety and in context, indicates

that it is intended to require a public defender in the guilt determination stages of prosecution because it "includ[es] appeals *from a conviction* in a case". Such a reading, moreover, is consistent with the history preceding enactment of Chapter 600. That is, the public defender system had its genesis in this Court's opinion in *State v. Green,* 470 S.W.2d 571 (Mo. banc 1971), wherein it was held that it was the duty of the State to provide legal services to "an indigent accused of crime" and that no longer would uncompensated private counsel be compelled to bear that burden alone.

■ It is also important to note that, in *Green,* this Court enforced the constitutional limitation on the authority of courts to direct the State to pay the fees and expenses of appointed counsel. Thus, a court may not compel the State to expend public funds to prosecute the claims of prisoners challenging the conditions of their confinement unless there is authorization by statute or rule of this Court. As we have said, § 600.042.3(1) provides no such authorization.

In further support of its position, respondent cites *Fields v. State,* 572 S.W.2d 477 (Mo. banc 1978), which held that counsel must be appointed to represent indigents in their Rule 27.26 proceedings. *Fields,* however, did not involve mandatory appointment of a *public defender.*

■ This Court has recently held that § 600.042.3(5) requires the appointment of a public defender in Rule 27.26 proceedings because "Rule 27.26(h) … has 'the force and effect of law.' Mo. Const. art. V, § .5." *State ex rel. Public Defender Comm'n v. Bonacker,* 706 S.W.2d 449 (Mo. banc 1986). In the present cases, respondent has not referred us to, and our research has not revealed "any law of this state requir[ing] the appointment of counsel" (§ 600.042.3(5)) to represent indigent inmates in challenging the conditions of their confinement.

We hold, therefore, that, in the absence of authorization by statute or rule, the respondent had no authority to compel the

State to expend public funds, by the appointment of a public defender, to prosecute the underlying claims herein.

The writ is made absolute.

HIGGINS, C.J., and BILLINGS, WELLIVER, ROBERTSON and RENDLEN, JJ., concur.

BLACKMAR, J., dissents in separate opinion filed.

BLACKMAR, Judge, dissenting.

The Court unnecessarily and unwisely uses the extraordinary writ of prohibition to disable the respondent circuit judge from availing himself of the assistance of public defenders in habeas corpus matters. The conclusion is not compelled by the governing statutes, (§ 600.042, RSMo, amended 1982).

This Court has made it clear, in a series of decisions, that lawyers may be conscripted without compensation to serve the cause of the criminal justice system. *State ex rel. Wolff v. Ruddy*, 617 S.W.2d 64 (Mo. banc 1981); *Fields v. State*, 572 S.W.2d 477 (Mo. banc 1978); *State v. Green*, 470 S.W.2d 571 (Mo. banc 1971). The authority extends not only to felony and misdemeanor prosecutions, but also to collateral attacks under Rule 27.26. *Fields v. State, supra; State ex rel. Public Defender System v. Bonacker*, 706 S.W.2d 449 (Mo. banc 1986).

In the case last cited this Court held that public defenders are subject to appointment in 27.26 cases. In so holding, we eschewed a narrow and grudging reading of the governing statutes, and rejected the efforts of the public defender system to narrow the class of cases in which public defenders are subject to appointment.[1] We should do likewise in this case.

The great writ of habeas corpus is an essential part of our criminal justice system. It is a writ of right, firmly established by our Constitution and statutes.[2] It is a primary means for determining the lawfulness of detention. Rule 27.26 indeed, is essentially a variant of habeas corpus, and does not completely cover the field of post-conviction relief. The habeas corpus petitioner is surely a person facing a "loss or deprivation of liberty," to the same extent that a 27.26 petitioner is. *See State ex rel. Public Defender System v. Bonacker, supra*, p. 250. A court in which habeas corpus is sought should be entitled to such assistance of counsel as it deems necessary in habeas corpus matters, and public defenders should not be immune.

I write with full realization that habeas corpus has a variety of uses.[3] I have no intention of establishing the public defender as general counsel for the inmates of the penal system, available to all who are dissatisfied with the condition of their confinement, but I would not cut off all further inquiry by a disabling writ. We have supervisory control over all courts of the state. If excessive demands are being made on the public defenders' offices I would attack the problem administratively, perhaps in conjunction with the Public Defender Commission.

---

1. The legislature knows how to prohibit certain representations by public defenders, when such is its purpose. *See* § 600.066, amended 1980, repealed 1982; *State ex rel. Public Defender Commission v. Bonacker*, 706 S.W.2d 449 (Mo. banc 1986).

2. Mo. Const. art. III, § 12 ("That the privilege of the writ of habeas corpus shall never be suspended"); Chapter 532, RSMo 1978 ("Every person committed, detained, confined or restrained of his liberty, within this state, for any criminal or supposed criminal matter, or under any pretense whatsoever ... may prosecute a writ of habeas corpus as herein provided, to inquire into the cause of such confinement or re-

straint."); Rule 91.01 ("Any person restrained of his liberty within this state may petition for a writ of habeas corpus to inquire into the cause of such restraint.")

3. There are three petitions involved in this case, each with a different underlying habeas corpus motion. One movant wants to be moved from administrative segregation to the general population. The second movant seeks to gain credit for 36 days of jail time in connection with a parole revocation. The last claims that the movant was injured in prison and has not received proper medical care.

**114**

Neither *Mid-Missouri Legal Services Corp. v. Kinder*, 656 S.W.2d 309 (Mo.App. 1983), nor *State ex rel. Scott v. Roper*, 688 S.W.2d 757 (Mo. banc 1985) stands in the way of my conclusion. The former concludes that the detail of legal services attorneys to criminal cases interfered with the purposes for which their program was established and supported with public funds. Public Defenders, by contrast, exist to protect against involuntary deprivation of liberty. The latter case deals only with the inherent power of courts to appoint counsel for indigent persons in purely civil matters.

We are never compelled to issue a writ of prohibition. I would quash the provisional rule issued in this case.