NORTHEAST KENTUCKY LEGAL SERVICES, INC., and Daniel H. Mason, Petitioners,

v.

Honorable Richard L. HINTON, Circuit Judge, 19th Judicial Circuit, Flemingsburg, Kentucky, Respondent.

No. 91–CA–0145–OA.

Court of Appeals of Kentucky.

March 29, 1991.

William B. Mains, Northeast Kentucky Legal Services, Inc., Morehead, for petitioners.

Richard L. Hinton, Flemingsburg, pro se.

Before EMBERTON, HOWERTON and MILLER, JJ.

## OPINION AND ORDER

MILLER, Judge.

Petitioners, Northeast Kentucky Legal Services, Inc. (NEKLS), and Daniel H. Mason (Mr. Mason), a NEKLS employee, filed this original action on January 22, 1991, pursuant to Kentucky Rule of Civil Procedure (CR) 76.36, seeking a Writ of Prohibition against respondent, Honorable Richard L. Hinton, Circuit Judge, 19th Judicial Circuit, Flemingsburg, Kentucky, the object being to prevent the judge from enforcing an order directing Mr. Mason to represent a litigant in a civil contempt proceeding being heard in Mason Circuit Court.

The facts are these: NEKLS is a duly-organized, not-for-profit corporation under the laws of the Commonwealth of Kentucky. Its main office, where Mr. Mason works as a full-time staff attorney, is in Morehead, Rowan County, Kentucky. The purpose of NEKLS is to provide free legal representation in noncriminal proceedings to low income residents throughout 15 counties (including Mason) in northeastern Kentucky. It is a recipient of funds from the Legal Services Corporation (LSC), a not-for-profit corporation established by the United States Congress. 42 U.S.C. § 2996 (Legal Services Corporation Act.) The primary purpose of the LSC is to provide, through recipients such as NEKLS, legal assistance in noncriminal proceedings to persons without financial means of redressing legal grievances.[1] NEKLS is bound by the Act and by the regulations duly promulgated thereunder. 45 C.F.R. § 1600 et seq.

Judge Hinton is circuit judge for the 19th Judicial District of Kentucky, including Bracken, Fleming, and Mason Circuit Courts. In December 1990, he had before him in the Mason Circuit Court the case of Tammy Kay Fields v. David Michael Fields, Civil Action No. 90–CI–082, wherein the former had pending a motion for contempt against the latter for nonpayment of child support. It so happened that when the motion came on for hearing, Mr. Mason, a member of the Kentucky Bar, was present in the Mason Circuit Court attending an unrelated matter. As Mr. Fields appeared without counsel, Judge Hinton directed Mr. Mason to represent him in the proceeding, and subsequently entered an order accordingly.[2] It is stated in the record before us that Mr. Mason attempted to explain to Judge Hinton that because of his (Mr. Mason's) obligation to NEKLS and the regulations and practices under which he was employed, he was not permitted to represent Mr. Fields. However, his explanation was to no avail, and the contempt hearing continued with Mr. Mason representing Mr. Fields in compliance with

---

1. The Legal Services Corporation Act authorizes criminal representation in limited areas. 42 U.S.C. § 2996f(b), and 45 C.F.R. § 1613.4.

2. Our record contains no such finding, but it is apparently conceded by the parties that David Michael Fields is a person without funds to employ private counsel.

Judge Hinton's appointment. After the hearing, Mr. Fields was adjudged in contempt and was ordered held without bond until February 1991 for a determination of penalty.[3] Mr. Mason remained obligated to appear in Mr. Field's defense, and therefore brought the issue of his appointment directly to this Court.

Pursuant to 42 U.S.C. § 2996, grants and contracts from LSC are governed by a host of regulations.

45 C.F.R. § 1604.3 *General Policy* provides:

No attorney shall engage in any outside practice of law if the director of the recipient has determined that such practice is inconsistent with the attorney's full time responsibilities.

45 C.F.R. § 1604.5 *Uncompensated Outside Practice* provides:

A recipient may permit an attorney to engage in uncompensated outside practice of law if § 1604.3 is satisfied, and the attorney is acting:

(a) Pursuant to an appointment made under a court rule or practice of equal applicability to all attorneys in the jurisdiction; or on behalf of

(b) A close friend or family member; or

(c) A religious, community, or charitable group.

45 C.F.R. § 1620.2(a) *Procedure* provides in part:

The governing body of a recipient shall adopt procedures for establishing priorities in the allocation of its resources.

45 C.F.R. § 1620.3 *Access* provides in part:

A recipient shall allocate resources consistent with the purposes and requirements of the Act, regulations, guidelines and instructions, including § 1620.2 of these regulations, and shall make a reasonable effort to provide that all potentially eligible clients in the recipient's service area have reasonably equal access to similar types of services. If the governing body of the recipient so desires, the types of services may vary so as to take into account different priori-ties in different parts of the recipient's service area, a higher incidence of a particular kind of legal problem, the considerably higher costs of providing services, or differences in individual client financial resources.

In conformance with the foregoing regulations, NEKLS, as a recipient of LSC funds, has established the following guidelines through its board of directors:

In nonsupport defense cases, cases will only be accepted for representation if the case contains an issue of potential impact. Otherwise, clients will be referred to a private attorney or the public defender.

NEKLS will handle court appointments only when made under a statute or court rule or practice equally applied to all attorneys in the jurisdiction and if it is determined that such representation is consistent with NEKLS' primary responsibility to provide legal assistance to eligible clients in civil matters.

Mr. Mason and NEKLS argue that Judge Hinton's action in appointing Mr. Mason to represent Mr. Fields contravenes the federal Act and the regulations provided thereunder, specifically NEKLS's guidelines which it is bound to promulgate.

Mr. Mason shows us that he is "betwixt the devil and the deep sea." If he carries forth with the appointment, he will be in violation of his employment and federal law. If he rejects the assignment, he will be subject to discipline.

Our analysis of the federal Act, the applicable federal regulations, and NEKLS's guidelines leads us to believe that Judge Hinton was in error in ordering Mr. Mason to represent Mr. Fields. The Act and concomitant regulations demonstrate a clear scheme to shepherd the public funds involved in the program of providing counsel for needy persons in civil cases. Staff counsel are restricted in their activities, and the selection of persons to be represented is carefully controlled. Toward these ends, however, the rules provide for appointment of staff attorneys to fulfill the

---

**3.** It appears Mr. Fields was already confined in the Mason County Jail on an unrelated matter.

time-honored responsibility of members of the bar. Before a staff attorney may be appointed, however, the person to be represented must fall within the guidelines established by a recipient of LSC funds, and there must be a rule of practice in the jurisdiction requiring that all attorneys at the bar be equally subject to appointment. The wisdom of this rule is obvious in that it prevents overloading the public corporations to the benefit of other members of the bar who would thus be free of the responsibility.

The record before us contains no information indicating the Mason Circuit Court had in place a policy requiring all members of the bar to share the responsibility of appointment. In fact, it is conceded that no such plan exists. In view of this, we conclude that Judge Hinton's appointment of Mr. Mason was in contravention of federal authority.

In *Central Florida Legal Services, Inc. v. Eastmoore*, 517 F.Supp. 497 (D.C.Fla. 1981), a Florida nonprofit legal services corporation and its full-time attorney members brought an action against state circuit court judges who appointed them to represent criminal defendants contrary to their purpose of assisting qualified persons in civil matters. The court was presented with much the same question that exists before us; the only difference being that in *Eastmoore*, the circuit judges appointed staff counsel to defend in criminal cases, whereas in the case at hand, the appointment was to represent a civil litigation not otherwise qualified for representation. The court ruled in favor of the legal services corporation and its counsel. Citing the case of *Goldfarb v. Virginia State Bar*, 421 U.S. 773, 95 S.Ct. 2004, 44 L.Ed.2d 572 (1975), the United States District Court observed that under our system of federalism, federal statutes are superior to practices or rules of state or local bar associations. The court went on to note that the primary responsibility of the Florida nonprofit legal services corporation was to assist civil litigants, and that the act of the circuit judges in appointing staff attorneys to assist in criminal defense was a clear violation of LSC regulations. We think

*Eastmoore* greatly supports the conclusion we have reached in the case at hand.

Citing *Bradshaw v. Ball*, Ky., 487 S.W.2d 294 (1972), Mr. Mason argues that uncompensated mandatory representation of indigent defendants is a substantial deprivation of property and constitutionally impermissible. Citing *Pierce v. Society of Sisters*, 268 U.S. 510, 45 S.Ct. 571, 69 L.Ed. 1070 (1925), NEKLS makes the same argument. Because of our holding on the first issue addressed herein, we do not deem it necessary to address these latter contentions.

For the foregoing reasons, we think the Writ of Prohibition should issue.

The Court having been sufficiently advised,

NOW THEREFORE be it ORDERED and ADJUDGED that the Writ of Prohibition be, and it is hereby ISSUED, and the respondent, Honorable Richard L. Hinton, Circuit Judge, 19th Judicial Circuit, Flemingsburg, Kentucky, is ORDERED to VACATE so much of the December 17, 1990 order as appoints Daniel H. Mason as counsel for David Michael Fields.