STATE ex rel. Lee S. FRANCIS, Relator,

v.

The Honorable Warren L. McELWAIN, Respondent.

No. SC 85648.

Supreme Court of Missouri, En Banc.

Aug. 3, 2004.

Lew A. Kollias, Office of State Public Defender, Columbia, MO, for Relator.

Jeremiah W. (Jay) Nixon, Atty. Gen., Andrew W. Hassell, Asst. Atty. Gen., Jefferson City, MO, for Respondent.

STEPHEN N. LIMBAUGH, JR., Judge.

Relator, Lee S. Francis, is an inmate in the Missouri Department of Corrections facility in DeKalb County, having been convicted in the Circuit Court of Jackson County of first degree murder and armed criminal action and sentenced to consecutive life terms. With the representation of the Office of the Missouri State Public Defender [OSPD], Francis attempted to file a petition for a writ of habeas corpus in the Circuit Court of DeKalb County, in *forma pauperis,* challenging his convictions and sentences. However, Respondent, relying on the filing fee requirements of the Prisoner Litigation Reform Act, sec. 506.360. et seq., RSMo 2000, refused to allow the filing of the petition without payment of an initial partial filing fee and monthly payments thereafter until the fee was paid in full. Francis first sought a writ of mandamus in the court of appeals to compel relator to file the petition without payment of the filing fees, but the court of appeals denied the writ. Francis now petitions this Court for the same relief. Mo. CONST. art. V, section 4.

Francis first moves this Court to waive this Court's filing fee in order to file his petition here. For the reasons expressed in this opinion that motion is granted, and his petition is ordered filed.

■ The PLRA, and section 506.369 in particular, sets out requirements for the payment or partial payment of filing fees in civil actions brought by persons who are incarcerated. Francis contends, however, that a different statute, section 514.040.3, RSMo 2000, allows him to file his petition without payment of filing fees and despite the filing fee requirement of section 506.369 because he is represented by the OSPD. Section 514.040.3 states:

Where a party is represented in a civil action by a legal aid society or a legal services or other nonprofit organization funded in whole or substantial part by moneys appropriated by the general assembly of the state of Missouri, which has as its primary purpose the furnishing of legal services to indigent persons, or by private counsel working on behalf of or under the auspices of such society, all costs and expenses related to the prosecution of the suit may be waived without the necessity of a motion and

court approval, provided that a determination has been made by such society or organization that such party is unable to pay the costs, fees and expenses necessary to prosecute or defend the action, and that a certification that such determination has been made is filed with the clerk of the court.

Although the provision for waiver of filing fees in section 514.040.3 appears to be in conflict with the provision imposing filing fees in section 506.369, the former controls because it was later enacted. When two statutes are repugnant in any of their provisions, the later act, even without a specific repealing clause, operates to the extent of the repugnancy to repeal the first. *County of Jefferson v. Quiktrip Corporation*, 912 S.W.2d 487, 490 (Mo. banc 1995).

■ Though section 514.040.3 trumps section 506.369, it still must be determined whether the OSPD is encompassed by the provisions of section 514.040.3. In that regard, the primary purpose of the OSPD is the furnishing of legal services to eligible persons. Sec. 600.042.3. An "eligible person" is one who the OSPD certifies as indigent. Sec. 600.086. The OSPD certified to the motion court that Francis was indeed indigent and unable to pay the cost and fees of proceeding in the action and, then, filed the habeas petition on Francis' behalf. Therefore, for section 514.040.3 to be applicable, the only question is whether the OSPD qualifies as a "legal aid society or a legal services or other nonprofit organization funded in whole or substantial part by moneys appropriated by the general assembly of the state of Missouri."

The State argues that 1) the OSPD is not a legal aid society, legal services or other nonprofit organization because such groups traditionally participate solely in civil proceedings that do not involve challenges to criminal convictions and sentences, 2) the OSPD is a governmental entity rather than a nonprofit organization, and 3) "legal aid societies" and similar organizations historically provide legal services in the areas of housing law, elder law, disability law, or similar areas which the OSPD does not provide. The OSPD counters that it is unlikely that the general assembly intended that an inmate pursuing a purely civil action should be represented by a legal aid society without payment of filing fees though an inmate seeking to challenge the constitutionality of a judgment and sentence should be denied access to the courts unless the filing fees were paid.

Although the OSPD does not typically provide legal services in civil proceedings nor in the particular areas of "housing law, elder law, disability law," and the like, and although the OSPD is a governmental entity rather than a nonprofit organization, it still meets the requirements of section 514.040.3. It is "nonprofit" in the sense that it is "not conducted or maintained for the purpose of making a profit," WEBSTER'S THIRD NEW INT'L DICTIONARY 1538 (3d ed., 1986), and it is an "organization funded in whole ... by moneys appropriated by the general assembly." In fact, it is "an independent department of the judicial branch of state government." Sec. 600.019.1.

■ In a fallback position, the state argues that even if the OSPD is determined to be a nonprofit organization, it lacks the authority to represent clients in a state habeas action, citing *State ex rel. Marshall v. Blaeuer*, 709 S.W.2d 111 (Mo. banc 1986). Contrary to the state's assertion, *Marshall* stands only for the proposition that a circuit court lacked authority to appoint the OSPD to represent a client in a state habeas action that challenged conditions of confinement. *See id.* at 112–13. Here, however, the OSPD accepted Francis' case, in its discretion, to challenge the validity of judgment and sentence, not the

conditions of confinement. *Marshall* is, thus, inapposite.

For the foregoing reasons, the writ of mandamus should issue. Because the OSPD represents Francis, this Court need not address the related issue of whether the filing fee requirements of the PLRA must be met in habeas actions brought *pro se* or with private counsel.

ALL CONCUR.